REDMANN, Judge.
In another lawsuit, Angelo Marsalone seeks to rescind a contract by which (among other things) he transferred to Brian Investments, Ltd. 100% of the stock of Courtney Corporation, which owns the immovable property 444 Broadway, New Orleans. Marsalone recorded in the land records a notice of the pendency of that action, describing it as one “to rescind the sale of 444 Broadway.” Courtney Corporation thereupon filed this action to erase that notice of lis pendens. Marsalone now appeals from a judgment ordering the notice erased. We affirm.
The basic question is whether an action to rescind a transfer of corporate stock is one within La.C.C.P. 3751, “affecting the title to, or asserting a mortgage or privilege on, [the] immovable property .” the corporation owns. The answer is no: the corporation’s title to its immovable property is wholly unaffected by any change in the ownership of its corporate stock. Marsalone’s original transfer of 100% of Courtney’s shares to Brian did not affect Courtney’s title to 444 Broadway, and any judgment returning those shares to Marsalone will not affect Courtney’s title to 444 Broadway.
One who transferred 100% of a corporation’s shares and who sues to claim their return will understandably wish to prevent a disadvantageous disposition of the corporate assets while his claim is pending. But until his claim is established he is *813 an outsider, and he may not, by merely filing notice of the pendency of a suit claiming share ownership, tie up corporate im-movables any more than he can tie up the corporate checking account. The law does not allow such a claimant to paralyze the corporation for months or years while his claim is decided — a claim that may not be well founded, a claim that may in the end be dismissed by the courts. The law could not reasonably allow any claimant on any pretext to thus prevent the true corporate shareholders from exercising their rights. The lis pendens notice statute is not designed to afford the effect of injunctive relief to persons who are not entitled to it. The judgment ordering erasure of Marsa-lone’s lis pendens notice is correct.
The only remedy available to such a claimant is the injunctive process: if his claim is so clearly valid he may obtain a temporary restraining order and then a preliminary injunction prior to a final decision on the merits and, by recording those preliminary judgments, he may protect his interests. Marsalone sought but was denied injunctive relief.
There remains to be said, because appellant contends the contrary, that C.C.P. 3753 expressly governs cases in which judgment is being rendered on the merits of the basic claim, and does not require that mandamus to erase the notice, prior to decision on the merits of the claim, be filed before the same judge who will decide the basic claim.
Affirmed.